UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bank of America, N.A., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 16-cv-11583-DJC<br>) |
| Barnes Hill LLC, Alan K. Bankart and<br>Dianne K. Bankart, | )<br>)<br>) |
| Defendants | )<br>) |

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendants, by and through counsel and hereby files their answer and affirmative defenses Plaintiff's complaint as follows:

1.) Defendants are without information sufficient to admit or deny this allegation, therefore denied.

2.) Admitted.

3.) Admitted.

4.) Admitted.

5.) Admitted.

6.) Admitted.

7.) Admitted.

8.) Admitted.

9.) Defendants are without information sufficient to admit or deny this allegation, therefore denied.

10.) Defendants are without information sufficient to admit or deny this allegation, therefore denied.

11.) Admitted.

12.) Admitted. And further answering, Defendants complied with all aspects of the January 18, 2006 modification agreement and the line of credit was paid off as agreed and closed at the direction of BANA's counsel.

13.) Denied that the ability to draw on the line of credit was not canceled or the account closed. Admitted that the mortgage, which was to have been discharged upon payoff, never was.

14.) Admitted only that the line of credit remained open at some time after it was paid off and closed.

15.) Admitted that Defendants made some payments.

16.) Admitted that such a letter was provided. Denied that such a letter was compliant with applicable law.

17.) Denied.

18.) Denied.

19.) Denied.

20.) Admitted only that the document speaks for itself.

21.) No answer required.

22.) No answer required.

23.) No answer required.

24.) Denied.

25.) Denied.

26.) No answer required.

27.) No answer required.

28.) Admitted.

29.) a.) Denied;

b.) Denied;

c.) Denied.

30.) No answer required.

31.) Denied.

32.) Denied.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint in each and every count thereof, fails to state a claim upon which relief may be granted and Plaintiff's complaint must be dismissed pursuant to Fed. R. Civ. P. Rule 12b(6).

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by their own breach(es) of contract.

### **THIRD AFFIRMATIVE DEFENSE**

Defendants state that the Plaintiff, by their conduct and actions, or the conduct and actions of any of their predecessor(s) in interest, agent(s), employee(s), loan servicer(s), subcontractor(s) and attorney(s) has/have waived any and all rights they may have or have had against the Defendants and/or is subject to laches and unclean hands and, therefore, Plaintiff cannot recover in this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery due to the Plaintiff's own fraud and misrepresentation or the fraud and misrepresentations of Plaintiff's predecessor(s) in interest, agent(s), employee(s), loan servicer(s), subcontractor(s) and/or attorney(s).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not advanced in good faith, are not legally supportable, are frivolous, insubstantial and designed solely to harass, intimidate, or frustrate Defendants and therefore Plaintiff's claims should be dismissed.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to foreclose under the power of sale in any mortgage under G.L. c. 244, s. 14 or otherwise under the terms of the mortgage documents(s) and Plaintiff's claims must be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(1) and/or 12(b)(6).

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, Plaintiff's predecessor(s) in interest and/or any of their respective agents failed to send Defendants a valid acceleration or default/right to cure letter either under the mortgage contract, line of credit or other agreement(s) or pursuant to G.L. c. 244, s. 35A and Plaintiff's claims must be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(1) and/or 12(b)(6) or otherwise.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not the lawful holder or owner or has right(s) to enforce any instrument evidencing a debt due from Defendants and therefore Plaintiff's claims must be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(1) and/or 12(b)(6) or otherwise.

WHEREFORE Defendants pray this Court DENY judgment to Plaintiff on its complaint, dismiss this action with prejudice and award Defendants their costs and attorney's fees in defending this action while granting any such other and further relief as the Court deems meet and just.

## **COUNTERCLAIMS**

1.) On or about January 19, 2016, Defendants refinanced their property at 1 Weetamo Road, Nantucket, MA (the "property" or the "premises" as the case may be).

2.) On that date, Defendants paid off, in full, the line of credit referenced in Plaintiff's complaint.

3.) Plaintiff, in accordance with the loan documents and by and through their own counsel, closed the line of credit account referenced in Plaintiff's complaint.

4.) As a condition of closing the line of credit, Plaintiff required that any new advances on any account with Plaintiff required a new written agreement between the parties.

5.) No new agreement for a line of credit was ever executed after Plaintiff closed the original line of credit on January 19, 2006.

6.) As a condition of closing the line of credit, Plaintiff – in accordance with the loan documents and by and through their own counsel – was required to discharge the mortgage referenced in Plaintiff's complaint.

7.) After Defendants paid off the line of credit, Plaintiff failed to discharge the mortgage referenced in Plaintiff's complaint.

8.) Plaintiff has asserted a first priority lien related to the mortgage referenced in Plaintiff's complaint.

9.) The mortgage referred to in Plaintiff's complaint is held in the name of a limited liability company.

10.) The copy of the associated debt instrument (the "LOC Agreement" referenced in Plaintiff's complaint) was signed by the individual Defendants.

11.) Plaintiff is not in possession of the original LOC Agreement

12.) Plaintiff has not made a diligent search for the original LOC Agreement.

13.) Plaintiff was not in possession of the original LOC Agreement when loss of possession of the instrument occurred.

14.) The LOC is a "negotiable instrument" as defined by applicable law since it purports to be an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order and:

(a) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(b) is payable on demand or at a definite time; and

(c) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money.

15.) Where the purported obligors under the LOC Agreement and mortgage are not the same - the mortgage is unenforceable as a matter of law and the LOC Agreement is unsecured by the mortgage.

16.) If found to be valid, the LOC Agreement represents a "federally related loan" where Plaintiff and/or its purported predecessors-in-interest are or were federally regulated banks.

17.) Plaintiff is a "servicer" of Defendants' loan as defined by applicable law.

18.) By letter dated November 9, 2015, Defendants, by and through counsel, sent a Request for Information ("RFI") and Notice of Error ("NOE") to Plaintiff pursuant to the applicable regulations of the Consumer Finance Protection Bureau ("CFPB").

19.) Plaintiff never acknowledged receipt of the November 9, 2015 letter within the time frame(s) required by the CFPB regulations.

20.) Plaintiff never responded to the November 9, 2015 letter within the time frames required by the CFPB regulations.

21.) By letter dated December 22, 2015, a reply to the November 9, 2015 NOE and RFI was received from Attorney Brian T. Moore of the law offices of "Drew Eckl & Farnham, LLP" of Atlanta, GA.

22.) In this response, an investigation into the errors asserted by Defendants and a response to the documents and information requested was promised by Attorney Moore.

23.) No responses, information or requested documents were ever provided to Defendants despite Attorney Moore's promises.

24.) In addition to failing to provide any responsive documents, Plaintiff failed to respond to any of the RFI's with any specificity or with support from requested documents.

25.) Plaintiff failed to provide even a copy of the LOC Agreement.

26.) Plaintiff failed to advise that they were not in possession of the original LOC Agreement.

27.) Plaintiff made no objections to responding to any specific RFI's.

28.) Four (4) errors were asserted in the NOE's.

29.) Plaintiff generally denied the NOE's without providing requested information or properly substantiating for their denial(s).

30.) No investigation was ever completed by Plaintiff into the errors asserted in the NOE's.

31.) The RFI's were directly related to Plaintiff's purported servicing of the LOC Agreement account – including RFI's relating to fees, loans and costs assessed to the Defendants' loan account and many of which were of the simple "yes" or "no" variety.

32.) By letter dated June 22, 2016, Defendants send a Second NOE and RFI to Plaintiff.

33.) In the June 22, 2016 letter, Defendants asserted nine (9) errors relating to the servicing of their loan account.

34.) In the June 22, 2016 letter, Defendants asserted that a March 16, 2016 "default//right to cure" notice was defective and void where Plaintiff failed to respond to Defendants multiple inquiries into the closing of the LOC Agreement account, for evidence of the fees, costs and charges assessed to their loan account, and where the letter made confusing and improper references to a "foreclosure proceeding" which does not exist in Massachusetts.

35.) In the June 22, 2016 letter, Defendants requested that the November 2015 RFI's be responded to and if objection(s) were being made, that the specific objections to any particular RFI be identified. Defendants' counsel stated:

> "If objections are made to the RFI's previously submitted – **contact this office directly** in order that agreement can be reached as to what RFI's BOA *will* respond to in order to narrow the areas of disagreement so that my clients may obtain information on this loan as they seek to market their property for sale and resolve these matters."

36.) In the June 22, 2016 letter, Defendants requested information on all of their loss mitigation alternatives.

37.) In the June 22, 2016 letter, Defendants requested Plaintiff to provide "a complete accounting of all amounts claimed to be due with a breakdown of interest, fees, costs and expenses along with documentation of same as previously requested."

38.) Plaintiff never acknowledged receipt of the June 22, 2016 letter within the time frame(s) required by the CFPB regulations.

39.) Plaintiff never responded to the June 22, 2016 letter as required by the CFPB regulations.

40.) Plaintiff never notified Defendants of the acceleration of any amounts purportedly due under the mortgage or the LOC Agreement as required by the terms of the mortgage before any foreclosure could take place.

## COUNT ONE
**(Declaratory Judgment)**

41.) Defendants repeat and re-allege the allegations in the foregoing numbered paragraphs as more fully set forth herein.

42.) Pursuant to 28 U.S.C.A. § 2201, Defendants seek a declaration of the rights of the parties.

43.) An actual controversy exists between the parties as to:

   a.) Plaintiff's purported right to foreclose on Defendants' property;

   b.) Plaintiff's right(s) to attempt to collect on the LOC Agreement in the absence of an original document; and where

   c.) Defendants paid off the LOC Agreement account, Plaintiff closed the account and no new agreement was ever executed as between the parties for any further credit.

44.) Defendants seeks a declaration from the Court that:

   a.) The LOC Agreement is a negotiable instrument under applicable law;

   b.) Plaintiff has not shown any right(s) to enforce the LOC Agreement by using a copy thereof;

   c.) Plaintiff has failed to notice Defendants of the acceleration of any amounts purportedly due under the LOC Agreements as required by the terms of the mortgage;

9

d.) Plaintiff closed the LOC Agreement account on or about January 19, 2016 and any new agreement required a writing between the parties which was never executed;

e.) Where the purported obligors under the mortgage and the LOC Agreement are in different names, Plaintiff lacks standing to foreclose the mortgage;

**COUNT TWO**
**(Chapter 93A)**

45.) Defendants repeat and re-allege the allegations in the foregoing numbered paragraphs as more fully set forth herein.

46.) Defendants are "consumers" as defined in M.G.L. c. 93A having obtained credit or financing on their primary residence.

47.) Plaintiff, as a bank that loans money to consumers in the Commonwealth of Massachusetts, is "engaged in commerce" in Massachusetts and subject to the strictures of M.G.L. c. 93A.

48.) Plaintiff asserts it holds a first lien on the property.

49.) The property is Defendants' primary residence.

50.) Plaintiff has violated the regulations of the CFPB by failing and refusing to properly respond to the NOE's and RFI's that Defendants sent them as detailed herein.

51.) The failure to comply with the CFPB regulations is an unfair and deceptive act as defined by M.G.L. c. 93A.

52.) Plaintiff has assessed various fees, costs and expenses to Defendants' loan account either a.) not authorized by the LOC Agreement or mortgage, or b.) for which Plaintiff has intentionally failed and refused to provide evidence of.

53.) The assessment of unauthorized or unsubstantiated fees, costs and expenses to Defendants' loan account is an unfair and deceptive act as defined by M.G.L. c. 93A.

54.) As a result of the unfair and deceptive acts of Plaintiff, Defendants have suffered actual damages including but not limited to emotional distress, stress, anxiety, frustration, sleeplessness, panic and other physical symptoms.

55.) As a result of the unfair and deceptive acts of Plaintiff, Defendants have suffered actual damages including but not limited to incurring expenses such as copies, overnight postal charges, legal fees and other charges.

56.) The failure on the part of Plaintiff to respond to the NOE's and RFI's was knowing and intentional.

57.) As a result of Plaintiff's knowing and intentional violation of the CFPB regulations and M.G.L. c. 93A, Defendants are entitled to treble damages and their attorney's fees and costs.

58.) WHEREFORE Defendants pray this Court grant them judgment on all counts of their counterclaims together with treble damages, attorney's fees and costs while awarding them any such other and further relief as the Court deems meet and just.

DATED:     September 26, 2016
           Nantucket, MA

/s/ Jamie Ranney, Esq.
_____

Jamie Ranney, Esq.  BBO#643379
Jamie Ranney, PC
4 Thirty Acres Lane
Nantucket, MA 02554
508-228-9224 (tel)
508-815-1318 (efax)
jamie@nantucketlaw.pro

## CERTIFICATE OF SERVICE

I, Jamie Ranney, do hereby certify that above-referenced documents filed herewith through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) participants on September 26, 2016, and by first class mail to any non-registered participants.

/s/ Jamie Ranney, Esq.
_____

Jamie Ranney, Esq.