UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                    |   |                                    |
|------------------------------------|---|------------------------------------|
| BANK OF AMERICA, N.A.,<br>*Plaintiff*, | ) ) ) ) |                                    |
| v.                                 | ) ) | Civil Action No. 1:16-cv-11583-DJC |
| BARNES HILL LLC, ALAN J. BANKART and DIANE K. BANKART,<br>*Defendants.* | ) ) ) ) ) |                                    |

## **PLAINTIFF'S REPLY TO THE DEFENDANTS' COUNTERCLAIM**

The Plaintiff Bank of America, N.A.("BANA") hereby responds to the Counterclaim asserted by the Defendants, as follows:

1. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim. Further answering BANA states that if Defendants intended to state that they refinanced on or about January 19, 2006, then this statement is admitted.

2. BANA admits that, on or about January 25, 2006, Defendants paid off all of the amounts that were owed to BANA under the subject account as of that date. BANA denies the allegations contained in Paragraph 2 of Defendants' Counterclaim to the extent that Defendants are claiming that they have paid off all amounts that are currently due and owing on the subject account and/or to the extent that Defendants are claiming that they did not make subsequent draws on the account thereby creating a new balance owed on the subject account.

3. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

4. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

5. BANA admits that no new loan agreements were executed after the refinance that took place on or about January 19, 2006. BANA denies the remaining allegations contained in the correspondingly numbered paragraph of the Counterclaim.

6. As the loan documents are written documents which speak for themselves, no answer as to their terms is required. To the extent allegations are made in this paragraph beyond the terms of the loan documents, BANA denies those allegations.

7. BANA admits that after Defendants refinanced its mortgage on or about January 19, 2006, it did not discharge its mortgage encumbering the Property. BANA denies all remaining allegations contained in Paragraph 7 of Defendants' Counterclaim.

8. BANA admits that it has a mortgage lien on the Property and that as a matter of record it is in senior position. BANA can neither admit or deny whether it will assert that its lien is in senior position in regard to Chase's mortgage lien, as it has not been asked by Chase or any other party to subordinate its mortgage.

9. BANA is unsure what the Defendants mean by the mortgage being "held in the name of a limited liability company." If Defendants intend by that phrase to mean that the mortgagor granting the mortgage encumbering the Property was a limited liability company, BANA admits that the mortgage in its favor encumbering the Property was granted by Barnes Hill LLC.

10. BANA admits that the LOC was signed by the individual Defendants.

11. BANA states that it has been unable to locate the original Line of Credit Agreement ("LOC"). BANA is unable to admit or deny whether the original LOC is still in its possession, but has been misplaced or whether it has been lost. BANA further states that the LOC has not been transferred or assigned to any other person or entity.

12. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

13. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

14. As the allegations of the correspondingly numbered paragraph are conclusions of law, no answer thereto is required. To the extent factual allegations are made in this paragraph, BANA denies the same.

15. As the allegations of the correspondingly numbered paragraph are conclusions of law, no answer thereto is required. To the extent factual allegations are made in this paragraph, BANA denies the same.

16. As the allegations of this paragraph set forth conclusions of law, no answer thereto is required; however, to the extent that a response is required, BANA denies Paragraph 16 of Defendants' Counterclaim to the extent that it is not a complete and/or accurate description of the unidentified law referenced in the paragraph. BANA further denies Paragraph 16 of Defendants' Counterclaim to the extent that factual allegations are made.

17. As the allegations of this paragraph set forth conclusions of law, no answer thereto is required; however, to the extent that a response is required, BANA denies Paragraph 17 of Defendants' Counterclaim to the extent that it is not a complete and/or accurate description of the unidentified law referenced in the paragraph. BANA further denies Paragraph 17 of Defendants' Counterclaim to the extent that factual allegations are made.

18. BANA admits that on or about November 9, 2015 Defendants, through counsel, sent a letter purporting to be a Request for Information and a Notice of Error. As the remaining allegations of this paragraph set forth conclusions of law, no answer thereto is required; however,

BANA denies Paragraph 18 of Defendants' Counterclaim to the extent that it is not a complete and/or accurate description of the unidentified laws and/or regulations referenced in the paragraph and/or to the extent that the November 9, 2015, letter was not in compliance with the same unidentified laws and/or regulations.

19. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim. Further answering BANA states that it timely responded to the referenced letter.

20. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim. Further answering BANA states that it timely responded to the referenced letter.

21. BANA admits that, through counsel, on or about December 22, 2015 it sent a reply to its borrowers November 9, 2015 letter.

22. As the allegations of the correspondingly numbered paragraph relate to the contents of the December 22, 2015 letter which speaks for itself, no answer as to its contents is required.

23. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

24. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

25. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

26. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

27. As the allegations of this paragraph relate to the contents of the December 22, 2015 letter which is a written document which speaks for itself, no answer as to its contents is required; however, to the extent that a response is required, BANA denies the allegations contained in Paragraph 27 of Defendants' Counterclaim to the extent that they are not a complete and/or accurate description of the December 22, 2015, letter.

28. As the allegations of this paragraph relate to the contents of the November 9, 2015 letter which is a written document which speaks for itself, no answer as to its contents is required.

29. As the allegations of this paragraph relate to the contents of the December 22, 2015 letter which is a written document which speaks for itself, no answer as to its contents is required. To the extent factual allegations are made in this paragraph beyond the contents of the written document, the same are denied.

30. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

31. As the allegations of this paragraph relate to the contents of the November 9, 2015 letter which is a written document which speaks for itself, no answer as to its contents is required. To the extent factual allegations are made in this paragraph beyond the contents of the written document, the same are denied.

32. BANA admits that on or about June 22, 2016, Defendants through counsel sent a letter purporting to be a second Request for Information and a Notice of Error.

33. As the allegations of this paragraph relate to the contents of the June 22, 2016 letter which is a written document which speaks for itself, no answer as to its contents is required.

34. As the allegations of this paragraph relate to the contents of the June 22, 2016 letter which is a written document which speaks for itself, no answer as to its contents is required.

35. As the allegations of this paragraph relate to the contents of the June 22, 2016 letter which is a written document which speaks for itself, no answer as to its contents is required.

36. As the allegations of this paragraph relate to the contents of the June 22, 2016 letter which is a written document which speaks for itself, no answer as to its contents is required.

37. As the allegations of this paragraph relate to the contents of the June 22, 2016 letter which is a written document which speaks for itself, no answer as to its contents is required.

38. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

39. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

40. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

## Count One
### Declaratory Judgment

41. BANA repeats and realleges its answers to the previous paragraphs fo the Counterclaim, as if fully restated herein.

42. As the allegations of the correspondingly numbered paragraph of the Counterclaim simply recites the nature of the relief sought by the Defendants, no answer thereto

is required.

43. BANA admits that a controversy exists between the parties, As the remaining allegations of this paragraph of the Counterclaim merely iterate the Defendants positions, no answer thereto is required. To the extent factual allegations are made in regard to BANA or its rights under the loan documents, the same are denied.

44. As the allegations of the correspondingly numbered paragraph of the Counterclaim simply recites the nature of the relief sought by the Defendants, no answer thereto is required. To the extent factual allegations are made in regard to BANA or its rights under the loan documents, the same are denied.

Count Two
(Chapter 93A)

45. BANA repeats and realleges its answers to the previous paragraphs fo the Counterclaim, as if fully restated herein.

46. BANA lacks sufficient knowledge or information to either admit or deny the allegations of the correspondingly numbered paragraph of the Counterclaim and call upon Defendants to prove the same. BANA denies that the LLC Defendant is a consumer; however, to the extent that a response is required, BANA denies the allegations contained in Paragraph 46 of Defendants' Counterclaim to the extent that they are not a complete and/or accurate description of M.G.L. c. 93A. and/or a misapplication of the statute.

47. As the allegations of the correspondingly numbered paragraph of the Counterclaim set forth conclusions of law, no answer thereto is required; however, to the extent that a response is required, BANA denies the allegations contained in Paragraph 47 of Defendants' Counterclaim to the extent that they are not a complete and/or accurate description of M.G.L. c. 93A. and/or a misapplication of the statute.

48. BANA admits that it has a mortgage lien on the Property and that as a matter of record it is in senior position. BANA can neither admit or deny whether it will assert that its lien is in senior position in regard to Chase's mortgage lien, as it has not been asked by Chase or any other party to subordinate its mortgage.

49. BANA lacks sufficient knowledge or information to either admit or deny the allegations of the correspondingly numbered paragraph of the Counterclaim and call upon Defendants to prove the same.

50. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

51. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

52. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

53. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

54. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

55. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

56. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

57. BANA denies the allegations contained in the correspondingly numbered paragraph of the Counterclaim.

58. As this allegation is simply a claim for relief, no answer thereto is required. To the extent factual allegations are made in this paragraph, BANA denies the same.

**AFFIRMATIVE DEFENSES**

1. The Counterclaim should be dismissed for failure to state claims upon which relief can be granted.

2. The Counterclaim is barred by the doctrines of waiver and/or estoppel.

3. The counterclaims are barred by the agreements between the parties.

4. The agreements between the parties authorize the actions by BANA referenced in the Counterclaims.

5. The home equity loan at issue is exempt from the coverage of RESPA and the other laws and regulations cited by Defendants and any obligations arising thereunder.

WHEREFORE, Bank of America, N. A. prays that the counterclaims asserted against it be dismissed with prejudice and that it be awarded its costs and attorneys' fees in connection with its defense against the counterclaims.

Dated: October 5, 2016

Plaintiff,

BANK OF AMERICA, N.A.
By its attorneys,

/s/ Lauren A. Solar
Richard E. Gentilli, BBO # 189080
Lauren A. Solar, BBO # 657289
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
Tel. (617) 422-0200
reg@bostonbusinesslaw.com
las@bostonbusinesslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2016, I served a true and correct copy of the foregoing document upon the following via the Court's ECF System:

Jamie Ranney         jamie@nantucketlaw.pro


/s/ Lauren A. Solar
Lauren A. Solar, BBO # 657289