**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |   |
|---|---|---|
| BANK OF AMERICA, N.A., <br> *Plaintiff*, <br><br> v. <br><br> BARNES HILL LLC, ALAN J. <br> BANKART and DIANE K. BANKART, <br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 1:16-cv-11583-DJC |

## JOINT STATEMENT OF THE PARTIES

**A.**   **The Parties Conferred**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b), as modified by the Notice of Scheduling Conference, counsel for the parties set forth below conferred by telephone on October 14, 2016:

- Richard E. Gentilli, counsel for Plaintiff Bank of America, N.A. ("BANA");
- Jamie Ranney, counsel for Defendants, Barnes Hill, LLC, Alan J. Bankart and Diane K. Bankart ("Defendants").

In addition, a further telephone conference was held between Richard E. Gentilli and attorney Thomas Vawter (a colleague of attorney Jamie Ranney) regarding contents of the Joint Statement on October 21, 2016. The parties have agreed to this Joint Statement, as indicated by their signatures below.

**B.**   **Concise Summary of Each Party's Position**

*BANA's Position:*

On or about September 29, 2000 the Defendants Alan Bankart and Diane Bankart executed a Fleet Line Agreement in favor of Fleet providing the Bankarts with the ability to borrow up to $4,000,000. (the "LOC Agreement"). The LOC Agreement was secured by a

1

mortgage (the "Mortgage") given by Barnes HILL LLC which held title to the real estate located at 1 Weetamo Road, Nantucket, Massachusetts (the "Property"). Barnes Hill LLC is a limited liability company owned and controlled by the Bankarts. BOA is the successor in interest by merger to Fleet. As successor to Fleet, BANA became the holder of the LOC Agreement and of the Mortgage.

On or about January 18, 2006, the Bankarts and BANA entered into a Modification Agreement with respect to the Bankarts' obligations under the LOC Agreement (the "Modification").  Pursuant to the Modification, the debt evidenced by the LOC Agreement was to have been paid off and the line of credit account closed when the Bankarts refinanced their first mortgage on the Property. While the line of credit was paid down to a zero balance in 2006, the ability to draw down on the line of credit was never canceled, nor was the Mortgage securing the LOC Agreement discharged. The Bankarts thereafter borrowed virtually the entire $4,000,000.00 available against the still-open the line of credit.

Following their draw on the line of credit, the Bankarts made the required monthly payments due for interest until July of 2013, at which time the Bankarts ceased making further payments resulting in a payment default under the LOC Agreement.

Because of the default BANA has taken steps to commence a foreclosure of the Mortgage, On or about March 31, 2016, BANA provided Barnes and the Bankarts with the 90-Day Notice of Right to Cure pursuant to G. L. c. 244, §35A.  Despite the passage of 90 days, the Defendants have neither cured the default, nor repaid BANA the amounts owed under the LOC Agreement. As of June 30, 2016, the Bankarts' are indebted to BANA in the amount of $4,332,325.01, plus continuing interest, costs and attorneys' fees.

BANA has at all times been the holder of the LOC Agreement, however, despite

diligently searching for the original LOC Agreement in anticipation of commencing a foreclosure, BANA has been unable to locate it. However, Section 18 of the LOC Agreement at issue expressly provides, *inter alia*, that BANA may enforce its rights thereunder based on a copy of the LOC Agreement, even in the absence of an original. In order to lawfully conduct a foreclosure in Massachusetts the Lender must be the holder of the note and owner of the mortgage securing the note. *Eaton v. Federal National Mortgage Association*, 462 Mass. 569 (2011). Pursuant to G. L. c. 106, §3-309, a "person not in possession of an instrument is entitled to enforce the instrument if: (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred; (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure; and, (iii) the person cannot reasonably obtain possession of the instrument because … its whereabouts cannot be determined…."

BANA, both before and after its merger with Fleet, has been the sole holder of the LOC Agreement, and the LOC Agreement has never been transferred or assigned. BANA is unable to locate the original LOC Agreement, but is in possession of a true and accurate copy of it. Therefore, BANA is entitled to enforce all of its rights and remedies, including foreclosure of the Mortgage which secures the LOC Agreement. *See In re Harborhouse of Gloucester, LLC*, 523 B.R. 749 (B.A.P. 1st Cir. 2014)

In order to be able to foreclose and convey marketable and/or insurable title to any purchaser at foreclosure, BANA seeks a declaration from this Court that:

    a.  The LOC Agreement is not a promissory note or other negotiable instrument and BANA may enforce its rights thereunder even in the absence of an original;

    b.  BANA is entitled to enforce its rights under the LOC Agreement in reliance on a copy thereof pursuant to the terms of the LOC Agreement;

c. BANA is the holder of the LOC Agreement and may enforce it even in the absence of an original in accordance with G. L. c. 106, §3-309 because it has been the sole holder of the LOC Agreement, the LOC Agreement has never been transferred or assigned, and BANA is unable to locate original of the LOC Agreement, but is in possession of a true and accurate photocopy thereof.

d. As holder of the LOC Agreement, BANA is entitled to foreclose on the Mortgage based on its possession of a photocopy of the original LOC Agreement.

In addition, BANA is seeking entry of judgment against the Bankarts for $4,332,325.01, plus continuing interest, costs and attorneys' fees they owe on account of the LOC Agreement they executed.

In regard to the Counterclaims asserted by the Defendants, it is BANA's position that in so Far as they relate to BANA's responses to Requests for Information or Notices of Error, such claims (even if established, which is dubious) would only be claims for statutory damages and would not otherwise impede BANA's right to foreclose its Mortgage. It is BANA's intention to move for summary judgment in regard to its ability to lawfully foreclose at the earliest possible opportunity, so as to delay commencement of foreclosure for as short a time as possible.

*Defendants' Position*

On or about January 19, 2006, the Defendants wired to BANA $4,013,649.24 as payoff in full of the LOC referenced in Plaintiff's Complaint.  At this time, the Defendants requested in writing, pursuant to the terms of the loan documents, that BANA close out the LOC account.  In accordance with the loan documents and by and through BANA's counsel, the mortgage was to be discharged and the LOC account closed out. In violation thereof, BANA never recorded a discharge of the mortgage; and never put the paperwork through to close the LOC.  Any new

advances required a new written agreement between the parties. As stated in the loan documents: "any request for a reinstatement of prior credit privileges must be in writing and signed by all of us." No request to reinstatement credit privileges was ever made. No new LOC account was ever created or executed.

The mortgage referred to in Plaintiff's Complaint is held in the name of a LLC; whereas the LOC note is executed by the individual defendants and not the LLC.

The Plaintiff is not in possession of original LOC agreement and has not made a diligent search for same.  There is no evidence that the Plaintiff was in possession of it at any time material hereto.  The LOC agreement is not enforceable against the Defendants.

The Plaintiff has violated CFPB regulations by failing to respond to the Defendants' Request for Information ("RFI") and Notices of Error ("NOE") on several different occasions. No investigation was ever completed by Plaintiff in the errors asserted in the NOEs.

The Defendants have brought a counterclaim sounding in Declaratory Judgment. The Defendants claim that the Plaintiff has no right to foreclose on their property; Plaintiff has no right to enforce the LOC agreement in the absence of the original promissory note; Plaintiff has failed to complied with the terms of the mortgage regarding acceleration, and Plaintiff has no right to enforce a loan agreement that was previously closed out and Plaintiff had contractually agreed to discharge the mortgage.

The Defendants have also brought a counterclaim sounding in violation of Chapter 93A. The Defendants have repeatedly failed to comply with CFBP Regulations, have assessed unauthorized and unsubstantiated fees, costs and expenses, all of which are unfair and deceptive acts as defined by Chapter 93A, for which the Defendants have suffered actual damages.

**C.     Procedural Matters**

The parties do not consent to trial by the magistrate judge at this time, but are open to future reconsideration of this option.

The parties certify that BANA has informed the Defendants of its settlement position. The Defendants will respond to this settlement position either before or at the scheduling conference.

The parties are amenable to having this case resolved by way of alternative dispute resolution.

Counsel for the parties certify that they have each conferred with their respective clients regarding the establishment of a budget and alternative dispute resolution as required by Local Rule.

The parties agree, subject to later reconsideration, if warranted, to disclosure and/or production of any electronically stored materials in paper (or scanned) form, rather than in native electronic format.

**D.     Proposed Timetable for Discovery and Motion Practice**

The parties propose the following deadlines:

    **1.     Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by no later than November 18, 2016.

    **2.     Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after December 1, 2016.

    **3.     Fact Discovery Deadlines.**

        a.     All requests for production of documents and interrogatories must be served by January 1, 2017.

     b.     All requests for admissions must be served by March 1, 2017.

     c.     All depositions, other than expert depositions, must be completed by April 15, 2017.

**4.**     **Fact Discovery—Final Deadline.** All discovery, other than expert discovery, must be completed by May 1, 2017.

**5.**     **Status Conference.** The parties suggest that the Court schedule further status conferences during the month of February of 2017.

**6.**     **Expert Discovery.** The parties shall designate any experts no later than March 1, 2017 and expert discovery is to be completed no later than May 1, 2017. (At this time the parties are not certain this case will require expert witnesses.)

**7.**     **Dispositive Motions.**

     a.     Motions for summary judgment or partial summary judgment may be filed at any time prior to May 1, 2017.

     b.     Oppositions to dispositive motions must be filed as set forth by rule unless otherwise extended by the Court (with or without the other party's consent).

Dated: October 24, 2016

| Bank of America, N.A. | Defendants, |
| --- | --- |
| By its attorneys, | By their attorneys, |
| | |
| /s/ Richard E. Gentilli | /s/ Jamie Ranney |
| Richard E. Gentilli, BBO # 189080 | Jamie Ranney, Esq. BBO#643379 |
| Lauren A. Solar, BBO #657289 | Jamie Ranney, PC |
| Hackett Feinberg P.C. | 4 Thirty Acres Lane |
| 155 Federal Street, 9th Floor | Nantucket, MA 02554 |
| Boston, MA 02110 | 508-228-9224 (tel) |
| Phone: (617) 422-0200 | 508-815-1318 (efax) |
| Fax: (617) 422-0383 | jamie@nantucketlaw.pro |
| Email: reg@bostonbusinesslaw.com | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2016, I served a true and correct copy of the foregoing document upon the following via the Court's ECF System:

Jamie Ranney        jamie@nantucketlaw.pro

/s/ Richard E. Gentilli<br>
Richard E. Gentilli, BBO # 189080