UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO. 1:16-cv-11583-DJC |
| | ) | |
| BARNES HILL, LLC, ALAN J. BANKART, | ) | |
| DIANE K. BANKART and JPMORGAN | ) | |
| CHASE BANK, N.A., | ) | |
|     Defendants. | ) | |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S CONSOLIDATED
MOTION TO COMPEL BANK OF AMERICA, N.A. TO RESPOND TO
<u>DISCOVERY PURSUANT TO FED. R. CIV. P. 37 AND L.R. 37.1</u>**

Now comes Defendant JPMorgan Chase Bank, N.A. ("Chase") and, pursuant to Fed. R.

Civ. P. 37 and Local Rule 37.1, respectfully requests this Honorable Court to:  (1.) compel the

Plaintiff, Bank of America, N.A. ("BANA"), to amend its supplemental responses to Chase's

contention interrogatories in order to comply with the requirements of Local Rule 26.5(c)(8); (2.)

compel BANA to fully respond to Chase's Interrogatory No. 22; and (3.) award Chase its

reasonable attorneys' fees and costs in having to file this Motion.  In support hereof, Chase

submits this Memorandum of Law.

<u>**Facts**</u>

1.      On February 23, 2018, Chase served interrogatories upon BANA

("Interrogatories").  <u>See</u> <u>Exhibit A</u>.

2.      BANA responded to the Interrogatories on April 23, 2018 ("BANA's Responses

to Chase's Interrogatories").  <u>See</u> <u>Exhibit B</u>.

3.      On May 15, 2018, Chase's counsel conferred with BANA's counsel to schedule a telephone conference regarding BANA's discovery responses (which included BANA's Responses to Chase's Interrogatories).

4.      Counsel for Chase and counsel for BANA conducted a discovery dispute conference on May 25, 2018 ("May 25th Conference").  See Exhibit C, p. 2.

5.      The May 25th Conference addressed, among other things: (a.) BANA's responses to contention interrogatories; and (b.) BANA's response to Chase's Interrogatory No. 22.  Id.

6.      During the May 25th Conference, Chase's counsel expressed his concerns that BANA did not fulfill its obligations pursuant to Local Rule 26.5(c)(8) when responding to contention interrogatories.  Id.  BANA's counsel stated that, in light of concerns regarding work product and the like, he would review the applicable local rule in order to determine if BANA could supplement its responses to contention interrogatories.  Id. at 1, 2.

7.      During the May 25th Conference, Chase's counsel also inquired about BANA's response to Chase's Interrogatory No. 22.  Id. at 2.  Chase's Interrogatory No. 22 inquired about the new information that enabled BANA to change its position regarding lien priority on the subject property.  See Exhibit A, p. 12.  A brief background is necessary for context:

      a.      In BANA's initial response to interrogatories from Alan J. Bankart ("Alan"),
            Diane K. Bankart ("Diane") and Barnes Hill, LLC ("Barnes Hill") (Alan, Diane
            and Barnes Hill collectively hereinafter, the "Bankart Defendants") BANA stated
            in response to Interrogatory No. 22 that "BANA is in second position behind
            JPMorgan Chase Bank's mortgage dated January 19, 2006. . . ."  See Exhibit D, p.
            15.

    b.  On or about July 13, 2017, BANA changed its response to the same interrogatory ("BANA's Supplemental Responses to the Bankart Defendants' Interrogatories"). See Exhibit E.  BANA's supplemental answer provides that "based upon information learned during the discovery period and through continued investigation into this account, BANA's lien is in first position."  Id.

    c.  Chase's Interrogatory No. 22 requested that BANA state the basis of the new information that enabled BANA to change its position regarding lien priority.  See Exhibit A, p. 12.

8.    In response to counsel for Chase's inquiry regarding the "new information", BANA's counsel stated that his client would not supplement its response to Chase's Interrogatory No. 22.  See Exhibit C, pp. 1, 2.  Accordingly, counsel did not reach a resolution on this issue.

9.    On June 15, 2018, BANA supplemented its responses to the Interrogatories ("BANA's Supplemental Responses to Chase's Interrogatories").  See Exhibit F.

10.    In the BANA's Supplemental Responses to Chase's Interrogatories, BANA amended its responses to the following contention interrogatories in order to lodge objections "to the extent [they] call[] for the production of opinion work product and trial strategy" – (a.) Interrogatory No. 16; (b.) Interrogatory No. 17; (c.) Interrogatory No. 18; (d.) Interrogatory No. 20; and (e.) Interrogatory No. 21.  Id. at pp. 11-15.

## Argument

I.    **BANA's Responses to Contention Interrogatories are Incomplete and Procedurally Deficient**

    BANA failed to comply with the applicable Local Rule regarding discovery when responding to contention interrogatories propounded by Chase.

### a. Standard of Law – Contention Interrogatories

Local Rule 26.5(c)(8) ("Local Rule Regarding Contention Interrogatories") provides:

"When an interrogatory calls upon a party to 'state the basis' of or for a particular
claim, assertion, allegation, or contention, the party shall (A) identify each and
every document (and, where pertinent, the section, article, or subsection thereof),
which forms any part of the source of the party's information regarding the
alleged facts or legal conclusions referred to by the interrogatory; (B) identify
each and every communication which forms any part of the source of the party's
information regarding the alleged facts or legal conclusions referred to by the
interrogatory; (C) state separately the acts or omissions to act on the part of any
person (identifying the acts or omissions to act by stating their nature, time, and
place and identifying the persons involved) which form any part of the party's
information regarding the alleged facts or legal conclusions referred to in the
interrogatory; and (D) state separately any other fact which forms the basis of the
party's information regarding the alleged facts or conclusions referred to in the
interrogatory."

### b. Disputed Supplemental Responses to Contention Interrogatories[1]

BANA failed to comply with the applicable local rules when supplementing its responses

to the following contention interrogatories:  (i.) Interrogatory No. 16; (ii.) Interrogatory No. 17;

(iii.) Interrogatory No. 18; (iv.) Interrogatory No. 20; and (v.) Interrogatory No. 21.

### i. Chase's Interrogatory No. 16 & BANA's Supplemental Response

*Interrogatory No. 16*:  "Please state the basis for your contention, as set forth in
Paragraph 40(d) of the Second Amended Complaint, that '[t]here is no legal basis
to subordinate the BANA Mortgage in favor of the Chase Mortgage.'"

*BANA's Supplemental Response to Interrogatory No. 16*:  "Bank of America objects to
Chase's Sixteenth Interrogatory to the extent that it demands a legal conclusion with
regard to the ultimate issue(s) governing the instant dispute. Bank of America further
objects to Chase's Sixteenth Interrogatory to the extent that it calls for the production of
opinion work product and trial strategy. Opinion work product is subject to discovery
only if the party seeking disclosure of the same is able to establish a 'far stronger
showing of necessity and unavailability by other means' (see Micron Separations, Inc. v.
Pall Corp., 159 F.R.D. 361, 364 (D. Mass. 1995)), and the mental impressions of counsel
are directly at issue. Ferrara & DiMercurio, Inc. v. St. Paul Mercury Ins. Co., 173 F.R.D.
7, 17 (D. Mass. 1997). Chase has not established a heightened level of necessity or

---

[1]  At least one (1) court has held that contention interrogatories (not a 30(b)(6) deposition) are the best vehicle to
uncover the facts that form the basis of a party's "damage claims and asserted affirmative defenses."  Fid. Mgmt. &
Research Co., et al., v. Actuate Corp., 275 F.R.D. 63, *63-*64 (D. Mass. 2011).

unavailability, or that the mental impressions and trial strategy of Bank of America's counsel is at issue in the instant litigation. Subject to the foregoing, Bank of America contends that Chase cannot establish the requisite elements to support an equitable subordination claim, and/or that Chase's cause of action is invalid pursuant to the affirmative defenses asserted in Bank of America's Amended Answer to Chase's Counterclaim."

See Exhibit F, p. 11.

### ii. Chase's Interrogatory No. 17 & BANA's Supplemental Response

*Interrogatory No. 16*: "Please state the basis for your contention, as set forth in Paragraph 44(a) of the Second Amended Complaint, that '[t]he original Chase Mortgage was lost prior to WaMu's alleged transfer of the same to Chase.'"

*BANA's Supplemental Response to Interrogatory No. 16*: "Bank of America objects to Chase's Seventeenth Interrogatory to the extent that it demands the production of opinion work product without the prior demonstration of a substantial need or an undue hardship. Bank of America further objects to Chase's Seventeenth Interrogatory to the extent that it calls for the production of opinion work product and trial strategy. Opinion work product is subject to discovery only if the party seeking disclosure of the same is able to establish a 'far stronger showing of necessity and unavailability by other means' (see Micron Separations, Inc. v. Pall Corp., 159 F.R.D. 361, 364 (D. Mass. 1995)), and the mental impressions of counsel are directly at issue. Ferrara & DiMercurio, Inc. v. St. Paul Mercury Ins. Co., 173 F.R.D. 7, 17 (D. Mass. 1997). Chase has not established a heightened level of necessity or unavailability, or that the mental impressions and trial strategy of Bank of America's counsel is at issue in the instant litigation. Subject to and without waiving the foregoing, Bank of America's contention that the original Chase Mortgage was lost prior to WaMu's alleged transfer of the same to Chase is premised upon the following inferences: (a) Chase has not attempted to foreclose against the Property despite the fact that: (i) Chase contends that it is in first position; (ii) the debt owed to the first-position mortgagee is fully secured by the value of the Property; and (iii) the Bankarts have not issued a payment to Chase in over five (5) years; and (b) Bank of America has not had the opportunity to inspect the original Chase/WaMu Mortgage."

Id. at 12.

### iii. Chase's Interrogatory No. 18 & BANA's Supplemental Response

*Interrogatory No. 18*: "Please state the basis of your contention, as set forth in Paragraph 33 of BANA's Amended Answer, that 'permitting Chase to 'leapfrog' Bank of America's priority merely because Chase recorded a junior mortgage lien during a brief window of time in which the balance of the Bank of America line

of credit was <u>temporarily</u> drawn down to $0.00, and then later drawn back up to $4,000,000.00, would work a manifest injustice against Bank of America.' (emphasis in original)."

*BANA's Supplemental Response to Interrogatory No. 18*: "Bank of America objects to Chase's Eighteenth Interrogatory to the extent that it demands a legal conclusion with regard to the ultimate issue(s) governing the instant dispute. Bank of America further objects to Chase's Eighteenth Interrogatory to the extent that it calls for the production of opinion work product and trial strategy. Opinion work product is subject to discovery only if the party seeking disclosure of the same is able to establish a 'far stronger showing of necessity and unavailability by other means' (see Micron Separations, Inc. v. Pall Corp., 159 F.R.D. 361, 364 (D. Mass. 1995)), and the mental impressions of counsel are directly at issue. Ferrara & DiMercurio, Inc. v. St. Paul Mercury Ins. Co., 173 F.R.D. 7, 17 (D. Mass. 1997). Chase has not established a heightened level of necessity or unavailability, or that the mental impressions and trial strategy of Bank of America's counsel is at issue in the instant litigation.  Subject to the foregoing, Bank of America contends that Chase cannot establish the requisite elements to support an equitable subordination claim and/or that Chase's cause of action is invalid pursuant to the affirmative defenses asserted in Bank of America's Amended Answer to Chase's Counterclaim.

<u>Id.</u> at 12-13.

### iv.  Chase's Interrogatory No. 20 & BANA's Supplemental Response

*Interrogatory No. 20*: "Please state the basis of your contention, as set forth in the Twelfth Affirmative Defense of BANA's Amended Answer, that '[s]ome or all of Chase's Counterclaims are barred by the operative statute(s) of limitation.'"

*BANA's Supplemental Response to Interrogatory No. 20*: "Bank of America objects to Chase's Twentieth Interrogatory to the extent that it demands a legal conclusion. Bank of America further objects to Chase's Twentieth Interrogatory to the extent that it calls for the production of opinion work product and trial strategy. Opinion work product is subject to discovery only if the party seeking disclosure of the same is able to establish a 'far stronger showing of necessity and unavailability by other means' (see Micron Separations, Inc. v. Pall Corp., 159 F.R.D. 361, 364 (D. Mass. 1995)), and the mental impressions of counsel are directly at issue. Ferrara & DiMercurio, Inc. v. St. Paul Mercury Ins. Co., 173 F.R.D. 7, 17 (D. Mass. 1997). Chase has not established a heightened level of necessity or unavailability, or that the mental impressions and trial strategy of Bank of America's counsel is at issue in the instant litigation. Subject to and without waving the foregoing, Bank of America notes that Chase's 2017 Counterclaims seek redress for claims that would have accrued (if they ever accrued) in early 2006."

<u>Id.</u> at 14.

### v.  Chase's Interrogatory No. 21 & BANA's Supplemental Response

*Interrogatory No. 21*:  "Please state the basis of your contention, as set forth in the Thirteenth Affirmative Defense of BANA's Amended Answer, that '[s]ome or all of Chase's Counterclaims are barred by the doctrine of laches.'"

*BANA's Supplemental Response to Interrogatory No. 21*:  "Bank of America objects to Chase's Twenty-First Interrogatory to the extent that it demands a legal conclusion. Bank of America further objects to Chase's Twenty-First Interrogatory to the extent that it calls for the production of opinion work product and trial strategy. Opinion work product is subject to discovery only if the party seeking disclosure of the same is able to establish a 'far stronger showing of necessity and unavailability by other means' (see Micron Separations, Inc. v. Pall Corp., 159 F.R.D. 361, 364 (D. Mass. 1995)), and the mental impressions of counsel are directly at issue. Ferrara & DiMercurio, Inc. v. St. Paul Mercury Ins. Co., 173 F.R.D. 7, 17 (D. Mass. 1997). Chase has not established a heightened level of necessity or unavailability, or that the mental impressions and trial strategy of Bank of America's counsel is at issue in the instant litigation. Subject to and without waiving the foregoing, Bank of America notes that Chase's 2017 Counterclaims seek redress for claims that would have accrued (if they ever accrued) in early 2006."

Id. at 15.

### c.   BANA's supplemental responses to Interrogatory No. 16, Interrogatory No. 17, Interrogatory No. 18, Interrogatory No. 20 and Interrogatory No. 21 are deficient and ignore procedural requirements

BANA's supplemental responses to contention interrogatories violate the requirements of

the Local Rule Regarding Contention Interrogatories.  For example, in its supplemental response

to Interrogatory No. 16,[2] BANA has not identified any of the documents, communications,

acts/omissions or facts that form the basis of its contention that "[s]ome or all of Chase's

Counterclaims are barred by the doctrine of laches."  Id. at 11.  Rather, BANA cites to opinion

work product and then provides a broad, legal conclusion.[3]  Id.  This reliance on opinion work

---

[2]  In the interest of brevity, Chase's analysis of BANA's supplemental response to Interrogatory No. 16 shall also apply to Interrogatory No. 17, Interrogatory No. 18, Interrogatory No. 20 and Interrogatory No. 21 because these responses are similarly deficient.

[3]  By relying on opinion work product and failing to follow the applicable local rule, BANA argues that complying with this Honorable Court's rules would require it to divulge information otherwise protected by the work product doctrine.  See Exhibit F; Local Rule Regarding Contention Interrogatories.

product is misguided.  Opinion work product protects "against disclosure of the mental

impressions, conclusions, opinions, or legal theories of a party's attorney or other representative

concerning the litigation.'" Fed. R. Civ. P. 26(b)(3)(B).  The work product doctrine "does not

typically extend to the underlying facts contained within those materials." In re Grand Jury

Subpoena, 220 F.R.D. 130, 141 (D. Mass. 2004) (citations omitted). Id. at 141 (citations

omitted).  These underlying facts, documents and communications fall within the scope of the

Local Rule Regarding Contention Interrogatories.  BANA's failure and refusal to provide this

information is unfounded and without any legitimate basis.  BANA should not be rewarded for

disregarding this Honorable Court's rules and procedures.

### d. BANA's response to Interrogatory No. 22 ignores procedural requirements and also constitutes a failure to answer

BANA's response to Interrogatory No. 22 is non-responsive and procedurally deficient.

#### i.      Chase's Interrogatory No. 22 & BANA's Response

*Interrogatory No. 22*:  "Please state the basis of your contention, as set forth in
Supplemental Answer No. 22 of BANA's Supplemental Responses to Barnes
Hill/Bankarts' Interrogatories, that 'based upon information learned during the
discovery period and through continued investigation into this account, BANA's
lien is in first position.'"

*BANA's Response to Interrogatory No. 22*:  "Bank of America objects to Chase's
Twenty-Second Interrogatory to the extent that it demands a legal conclusion.
Bank of America further objects to Chase's Twenty-Second Interrogatory to the
extent that it calls for the production of opinion work product and trial strategy
without the prior demonstration of a substantial need or an undue hardship.
Subject to the foregoing, the BANA/Fleet Mortgage was plainly recorded prior to
the WaMu/Chase Mortgage, and the BANA/Fleet Mortgage has not been
discharged or satisfied. Further, Bank of America contends that Chase cannot
establish the requisite elements to support an equitable subordination claim and/or
that Chase's cause of action for equitable subordination is invalid pursuant to the
affirmative defenses asserted in Bank of America's Amended Answer to Chase's
Counterclaim."

See Exhibit B, pp. 13-14.

### ii. BANA's response to Interrogatory No. 22 is improper

BANA's response to Chase's Interrogatory No. 22 disregards the requirements of the Local Rule Regarding Contention Interrogatories and fails to identify the new information that enabled BANA to change its position regarding lien priority.[4]  Chase's Interrogatory No. 22 requests very specific facts – the information that BANA obtained between March 31, 2017 (i.e., the date that BANA admitted that it is in second (2nd) position behind Chase) and July 13, 2017 (i.e., the date that BANA supplemented its responses to the Bankart Defendants' Interrogatories) that enabled BANA to contend that "BANA's lien is in first position."  See Exhibit D; Exhibit E. BANA has refused to provide this information.  See Exhibit F.  Instead, BANA references and relies on documents that were recorded in the applicable registry of deeds more than ten (10) years before the instant action was commenced.  Id.  Therefore, Chase respectfully requests that this Honorable Court compel BANA to fully respond to Interrogatory No. 22.

### Conclusion

WHEREFORE, for all of the reasons set forth above, Defendant JPMorgan Chase Bank, N.A. respectfully requests that this Honorable Court:

(1.)  Compel the Plaintiff, Bank of America, N.A. ("BANA"), to amend its supplemental responses to Chase's contention interrogatories in order to comply with the requirements of Local Rule 26.5(c)(8);

(2.)  Compel BANA to fully respond to Chase's Interrogatory No. 22;

(3.)  Award Chase its reasonable attorneys' fees and costs in having to file this Motion; and

(4.)  Grant any such other and further relief as is just and equitable.

---

[4] For further discussion regarding BANA's misguided reliance on opinion work product, please refer to Argument (I)(c) above.

## CERTIFICATION PURSUANT TO LOCAL RULE 37.1

I, Thomas D. Orr, Esq., counsel for JPMorgan Chase Bank, N.A., hereby certify that I have complied with the provisions of Local Rule 37.1.

Respectfully Submitted,
**JPMORGAN CHASE BANK, N.A.,**
By its Attorneys,

/s/ Thomas D. Orr
Donald F. Borenstein, BBO #566810
don@jbllclaw.com
Thomas D. Orr, BBO #685725
tommy@jbllclaw.com
Mark B. Johnson, BBO # 252760
Johnson & Borenstein, LLC
12 Chestnut Street
Andover, MA  01810
Tel: 978-475-4488
Fax: 978-475-6703

Dated:  June 22, 2018

## CERTIFICATE OF SERVICE

I, Thomas D. Orr, attorney for Defendant JPMorgan Chase Bank, N.A., hereby certify that I have this day served the within *Defendant JPMorgan Chase Bank, N.A.'s Consolidated Motion to Compel Bank of America, N.A. to Respond to Discovery Pursuant to Fed. R. Civ. P. 37 and L.R. 37.1* upon all counsel of record via this Court's CM/ECF system, to wit:

Richard E. Gentilli, Esq.
reg@bostonbusinesslaw.com
Lauren A. Solar, Esq.
las@bostonbusinesslaw.com
Jonathan Hixon, Esq.
jmh@bostonbusinesslaw.com
Hackett Feinberg, P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Thomas B. Vawter, Esq.
tbvawter@comcast.net
P.O. Box 215
Newton, MA 02468

Adam J. Beedenbender, Esq.
abeedenbender@deflaw.com
Vivian B. Fisher, Esq.
vfisher@deflaw.com
Drew, Eckl & Farnham, LLP
235 Peachtree St. NE, Suite 1900
Atlanta, Georgia 30303

/s/ Thomas D. Orr
Thomas D. Orr, Esq.
Date:  June 22, 2018