UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-11583-DJC |
| | ) | |
| BARNES HILL, LLC, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER ON DISCOVERY MOTIONS
[Docket Nos. 81, 89]

July 26, 2018

Boal, M.J.

This case involves a mortgage priority dispute.  Plaintiff Bank of America, N.A. and

defendant JPMorgan Chase Bank ("Chase") hold mortgages on property located at 1 Weetamo

Road, Nantucket, Massachusetts.  Second Amended Complaint ("SAC") ¶¶ 9, 17, 18.  Bank of

America and Chase dispute which mortgage has priority.  SAC ¶¶ 19, 37-40.  Bank of America

has filed a motion for a protective order preventing the deposition of one of its attorneys, Vivian

Fisher.  Docket No. 81.  Chase seeks an order compelling further answers to certain

interrogatories.  Docket No. 89.[1]  The Court heard oral argument on July 25, 2018.  For the

following reasons, the Court grants both motions.

Bank of America's Motion for a Protective Order.  Chase seeks to depose Vivian Fisher,

one of Bank of America's attorneys in this case.  Fisher executed Bank of America's responses

---

[1] On June 25, 2018, the District Court referred the motions to the undersigned.  Docket No. 92.

to the Bankart Defendants'[2] interrogatories.  Specifically, she attested "under the pains and penalties of perjury," that Bank of America's answers "are true to the best of my knowledge, information and belief."  Docket No. 101-1 at 19.[3]  Bankart Interrogatory No. 22 asked Bank of America to "state which position BOA claims as a lien holder on the property."  Id. at 15.  Bank of America answered that it was "in second position behind [Chase's] mortgage."  Id. Subsequently, Bank of America supplemented its answer to Interrogatory No. 22, stating, in relevant part, that "based upon information learned during the discovery period and through continued investigation into this account, BANA's lien is in first position."  Docket No. 82-4 at 4. Chase seeks to depose Ms. Fisher to inquire about the reasons for Bank of America's initial statement and its subsequent change in position regarding the priority of the mortgages.  See Docket No. 101 at 3-4.

Depositions of opposing counsel are generally disfavored.  See, e.g., Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 66 (1st Cir. 2003).  Therefore, such depositions should be limited to "where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information [other] than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."  Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986) (citation omitted).

---

[2] The "Bankart Defendants" refers to Barnes Hill, LLC, Alan J. Bankart, and Diane K. Bankart, the owners of the property.

[3] Subsequently to Ms. Fisher verifying Bank of America's answers to the Bankart Defendants' interrogatories, Bank of America served the same set of answers, this time verified by Thomas J. Allred.  Docket No. 82-3.  At oral argument, Bank of America stated that Ms. Fisher originally verified the answers because Mr. Allred was not available.  When Mr. Allred became available, he then re-verified the answers.  That explanation is puzzling, to say the least.

Chase argues that it should be allowed to depose Fisher because she executed Bank of America's original responses to the Bankart Defendants' interrogatories in her capacity as "authorized representative for Bank of America."  Docket No. 101 at 2.  However, Chase has failed to show that no other means exist to obtain the information it seeks.  Chase may obtain the basis for Bank of America's original statement, as well as its change in position, regarding the priority of the mortgages through a contention interrogatory.  Indeed, Chase has propounded such an interrogatory,[4] which is subject to its motion to compel.  As set forth below, the Court will order Bank of America to answer that interrogatory and to also state the basis for its original position that that its mortgage was in second position behind Chase's mortgage.  Accordingly, the motion for a protective order is granted.

Motion To Compel Further Answers To Interrogatories.  Chase has moved to compel further answers to Interrogatories Nos. 16-18 and 20-22.  Docket No. 89.  Those interrogatories ask Bank of America to state the basis for a number of its contentions in this case.  Bank of America has objected to these interrogatories on the grounds that they seek legal conclusions and/or seek information protected by the work product doctrine.  Bank of America's objections have no basis. First, "an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2).  Second, the work product doctrine is not a valid objection to a contention interrogatory.  "[I]n

---

[4] Specifically, Chase Interrogatory No. 22 asks Bank of America to "state the basis of your contention, as set forth in Supplemental Answer No. 22 of BANA's Supplemental Responses to Barnes Hill/Bankarts' Interrogatories, that 'based upon information learned during the discovery period and through continued investigation into this account, BANA's lien is in first position." Docket No. 89-2 at 14.  Though Bank of America has provided an answer to this interrogatory, it has, among other things, failed to identify what information and/or documents it learned during the discovery period that led to its changed position.  As stated above, because the Court is not allowing Chase to take Fisher's deposition, Bank of America must also explain the factual basis for its original response to Bankart Interrogatory No. 22.

answering contention interrogatories the party is only giving the factual specifics which the party contends support a claim, and this in no way impinges on the attorney's impressions or analysis as to how the attorney will endeavor to apply the law to the facts.  If this elementary principle were not applicable, contention interrogatories would not exist."  Barnes v. District of Columbia, 270 F.R.D. 21, 24 (D.D.C. 2010) (citations omitted).  See also Henry v. Champlain Enter., Inc., 212 F.R.D. 73, 90-91 (N.D.N.Y. 2003) (a party may not withhold relevant facts from disclosure simply because they were communicated to, or learned from, the party's attorney); Kansas Wastewater, Inc. v. Alliant Techsystems, Inc., 217 F.R.D. 525, 528-529 (D. Kan. 2003) (same); Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co., 137 F.R.D. 267, 278-279 (D. Neb. 1989) (same).  Thus, while Chase may not necessarily discover confidential communications between Bank of America and its attorneys or documents prepared by Bank of America's attorneys, the underlying facts contained therein are discoverable in response to a properly worded interrogatory.  See, e.g., Protective Nat. Ins. Co. of Omaha, 137 F.R.D. at 279-280.

To the extent that Bank of America has provided some answers to the contention interrogatories, those answers are insufficient.  Bank of America's answers fail to comply with Local Rule 26.5(c)(8), which provides that when an interrogatory asks a party to "state the basis" for a contention, that party shall:

> (A) identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
> (B) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
> (C) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(D) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

Thus, within 14 days, Bank of America shall serve supplemental answers to Interrogatories Nos. 16-18, and 20-22 that comply with Local Rule 26.5(c)(8).  To the extent that Bank of America has no further facts, information, or documents to support its contentions, it shall state so.  Also, to the extent that Bank of America intends to rely on its document production to respond to interrogatories, it must specify which documents (or bates-stamp reference numbers) are responsive to particular interrogatories.

       **So Ordered.**

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge